Filed 6/5/24  Sail Exit Partners v. Schindler CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAIL EXIT PARTNERS, LLC, | |
| Plaintiff and Respondent, | G062767 |
| v. | (Super. Ct. No. 30-2018-00994978) |
| WALTER L. SCHINDLER et al., | O P I N I O N |
| Defendants; | |
| MARILYN WILLIAMS, | |
| Third Party Claimant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Layne H. Melzer, Judge.  Affirmed.

Law Offices of Alexandria C. Phillips and Alexandria C. Phillips for Third Party Claimant and Appellant.

Troutman Pepper Hamilton Sanders, Peter N. Villar, Brian N. Sonksen, and Elizabeth Holt Andrews for Plaintiff and Respondent.

*     *     *

SAIL Exit Partners, LLC, (Sail) obtained a fraud judgment against defendant John A. Severson.  Sail's collection efforts included levying on an automobile owned by appellant Marilyn Williams, who is Severson's spouse.  After filing a third party claim to the property with the levying officer,[1] Williams initiated a summary proceeding in the superior court, which asked the court to determine the validity of her third party claim or, alternatively, to adjudicate the validity of her claimed exemption based on the assertion she uses the automobile in her real estate business.

The trial court denied both the third party claim and the exemption claim; Williams appeals only from the ruling on the exemption claim.  She argues the court erred by (1) concluding she failed to present sufficient evidence to meet the statutory requirements for the exemption set forth in Code of Civil Procedure[2] section 704.060; (2) sustaining objections Sail never made to her evidence reflecting she used the automobile to perform her job as a real estate agent; and (3) misinterpreting the requirements of section 740.060 and another exemption statute.  We disagree and affirm the order.

---

[1]     A third party claim is an assertion by a party claiming a security interest or lien on the property that is entitled to protection in the collection process.  (§ 720.210; *Oxford Street Properties, LLC v. Rehabilitation Associates, LLC* (2012) 206 Cal.App.4th 296, 307.)  Section 720.210, subdivision (a), provides that "Where personal property has been levied upon under a writ of attachment, a writ of execution, a prejudgment or postjudgment writ of possession, or a writ of sale, *a third person claiming a security interest in or lien on the personal property* may make a third-party claim under this chapter if the security interest or lien claimed is superior to the creditor's lien on the property."  (Italics added.)

[2]     All further statutory references are to this code.

2

The court did not specify reasons for its rejection of her exemption claim. Its minute order states only that after fully considering the arguments from both parties, as well as the evidence presented, it denied the exemption request for "sound legal reasons." The court may have been more forthcoming in its oral remarks at the hearing, but no transcript of that hearing is included in our record. Consequently, the record does not support any of Williams's claims of error.

What Williams does not acknowledge in her opening brief is that Sail opposed the exemption claim in part because she never filed her claim with the sheriff's department, as required by statute; the court's minute order reflected it also had concerns about the issue. It was not until Sail featured the issue prominently in its respondent's brief that Williams acknowledged the issue in her reply.

Williams does not dispute the claim of noncompliance in her reply brief; instead, she argues she "substantially complied" with the statutory requirement in two ways: first, by filing her third party claim with the sheriff; and second, by raising the exemption issue in her subsequent motion to validate with the court. But even if either of those claims were accurate, Williams waived them by failing to make them in her opening brief. She cannot argue that claim of error for the first time in her reply brief. Consequently, we find no error and affirm the court's denial of Williams's exemption claim.

**FACTS**

In 2018, Sail filed a lawsuit against Severson, among others, alleging conversion, breach of contract, and related claims. Sail obtained a judgment against Severson for approximately $800,000 and began efforts to collect the judgment.

Williams is Severson's spouse, and although she denies ever being legally married to him, she acknowledges the court has previously rejected her efforts to establish the legal invalidity of their marriage. (See *SAIL Exit Partners, LLC v. Severson*

3

(Jan. 11, 2022, G059275) [nonpub. opn.].)  Thus, Sail's efforts to collect on its judgment have included assets in Williams's name that it contends are subject to Severson's debts. As relevant here, in March 2023, the Orange County Sheriff's Department levied on Williams's Mercedes Benz automobile.

On March 15, 2023, Williams served the sheriff with a third party claim for the automobile, relying on sections 720.110, 720.130 and 720.230.  Williams's claim asserts that Bank of America was the lien holder on the vehicle, and that she was neither a party to the case nor was she married to Severson.

However, on April 5, 2023, when Williams filed her application for a hearing with the court, her notice cast a wider net.  The application specified she was seeking "a determination on the validity of the Third Party's claim of exemption [under] *California Code of Civil Procedure* § 720.310," but also asserted "the alternative theory should the court find a putative spouse [that] the vehicle is exempt under *California Code of Civil Procedure* § 704.010 and § 704.060 as to any unexempt equity in the vehicle."

Williams's declaration in support of her application acknowledged the court previously found her to be the spouse of the judgment debtor, John A. Severson.  She stated she was seeking exemptions from collection under both section 704.010—the general exemption for a motor vehicle—and section 704.060, which she characterized as allowing an additional exemption of $8,725 for a vehicle used as a tool of the debtor's trade.  Williams also stated, in conclusory terms, "this is a vehicle used . . . as a tool of my trade as a real estate agent."

Williams sought to establish the automobile's value by relying upon a Cars.com listing of a vehicle with similar make and model for $34,885.  She also provided evidence that Bank of America held a lien on her vehicle with a balance of $34,655.15.

Sail filed opposition to Williams's application noting Williams filed no exemption claim with the sheriff's department, and arguing Williams failed to provide the

court with evidence the vehicle was necessary to her business. Sail's opposition also demonstrated Williams's factual claims related to the vehicle were inconsistent with earlier statements she made under oath, in 2019, wherein she declared she "married John Severson in 2004."

Williams filed a supplemental declaration in support of her reply brief, which offered detailed information about her use of the vehicle for work, Although Sail moved to strike the untimely declaration, the court stated it would consider the document.

The court's minute order is lengthy. It summarizes the law applicable to third party claims and explains that Williams's application to determine the validity of her third party claim was untimely, thus depriving the court of jurisdiction to decide it.

The court then turned to the exemption claim, noting that while Williams "asserts she filed a claim of exemption on 3/15/23[,] [s]he appears to be treating her third party claims as a claim of exemption. No other document titled claim of exemption has been submitted." The court's order noted the statutory requirement that a claim of exemption must be filed with the levying officer, and it set forth the required content of that claim. The court found Williams's third party claim did not comply with the statutory requirements, including the requirement that it cite the statutes relied upon to support the exemptions.

The court's ruling followed argument by counsel: "The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now confirms the tentative ruling *and for sound legal reasons, denies both motions*." (Boldface and underscoring omitted/italics added.)

## DISCUSSION

### 1.    *Claims of Error*

Williams contends the court erred by (1) concluding she failed to present sufficient evidence to meet the statutory requirements for the exemption set forth in

5

section 704.060; (2) sustaining objections Sail never made to her evidence reflecting she used the automobile to perform her job as a real estate agent; and (3) misinterpreting the requirements of section 740.060 and another exemption statute.

The record does not support any of those claims. The court's ruling does not reveal the basis for its denial, and we will not presume the court erred in its reasoning in the absence of a clear record, which establishes error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error'"].)

Williams's assertion that the court "erroneously sustained evidentiary objections that [Sail] never made to Williams' testimony and documentary evidence, to wit, that she used the Car to perform her job as a full-time real estate agent in order to support herself and her family," likewise fails. Williams does not support her contention with any citation to the record, and we find nothing to support it. The court's ruling on Sail's objections to Williams's declaration are included in the minute order reflecting the court's ruling on the merits of the exemption. The reference is brief: "Plaintiff's evidentiary objections are sustained as to nos. 3, 4, 6, 7, 8, 9; they are otherwise overruled."

Williams also asserts the court "failed to apply the mandatory requirements set forth in Code of Civil Procedure section 703.560 to [Sail]'s opposition to Williams' Claim of Exemption as [Sail] did not present the required evidence establishing that section 704.060 did not apply to Williams' as a real estate agent who relies on her Car do [*sic*] perform her work . . . ." (Boldface/underscoring/italics omitted.) This claim borders on the frivolous.

6

Williams argues she provided the court with "undisputed evidence" that (1) she "completely relies on her vehicle to perform her job including but not limited to picking up her clients and showing them homes, putting up signs for homes that she is listing for sale, drive to the real estate office to conduct meetings and the fact that over a period of eight weeks she drives her Car approximately 300 miles per week to perform her job, thereby meeting section 704.060(a) requirement; and (2) the equity calculations Williams made establish that her Car's equity did not exceed $8,725 and that the Car is 'reasonably necessary to and actually used by' Williams 'in the exercise of the trade, business, or profession by which' she 'earns a livelihood' thereby meeting [the] section 704.060(a)(2) requirement."

Williams claims that as a consequence, under section 703.560, Sail was required to produce rebuttal "evidence under oath establishing that . . . section 704.060 did not apply to Williams as a real estate agent who relies on her Car to perform her job including but not limited to picking up her clients and showing them homes, putting up signs for homes that she is listing for sale, drive to the real estate office to conduct meetings and that in over a period of eight weeks she drives her Car approximately 300 miles per week to perform her job."

Williams fails to acknowledge she provided none of the required information in her original declaration to support her exemption claim; Williams's original declaration contained only a conclusory claim that she used her automobile in her work as a real estate agent. It was in response to Sail's opposition, pointing out that her evidence was insufficient, that Williams offered her "supplemental" declaration offering the detailed facts she now claims Sail was required to respond to in its opposition. Sail had no obligation to rebut evidence offered after its opposition was filed.

2.      *Validity of Williams's Exemption Claim*

An exemption from collection refers to the debtor's right to protect specified assets from creditors. (See § 703.010 et seq.) Exemptions can be claimed by

the debtor or by the debtor's spouse or domestic partner in the case of community property. (§ 703.020, subd. (b)(2)-(3).) An exemption "may be claimed within the time and in the manner prescribed in the applicable enforcement procedure. If the exemption is not so claimed, the exemption is waived and the property is subject to enforcement of a money judgment." (§ 703.030, subd. (a).)

The exemptions Williams seeks to validate are section 704.010, subdivision (a)(1), which protects the equity in motor vehicles up to an aggregate amount of $7,500; and section 704.060, subdivision (a)(2), which protects "[t]ools, implements, instruments, materials, uniforms, furnishings, books, equipment, one *commercial motor vehicle*, one vessel, and other personal property" if "reasonably necessary to and actually used by the spouse of the judgment debtor in the exercise of the trade, business, or profession by which the spouse earns a livelihood." (Italics added.)[3]

Section 703.520 specifies that, like a third party claim, an exemption claim must be filed with the levying officer within 15 days of the date the claimant was personally served with the notice of levy, and within 20 days if the notice was served by mail. (§ 703.520, subd. (a).) The exemption claim must state the "provision of this chapter or other statute upon which the claim is based." (§ 703.520, subd. (b)(5).)

When the claim is filed, the levying officer must notify the creditor of the filing, stating that the officer will release the property unless within 15 days the creditor files a copy of a notice of opposition and a copy of a notice of motion filed with the court for an order determining the claim of exemption. (§ 703.540; see § 703.550.) The hearing on the motion shall be held within 30 days of the filing of the notice of motion. (§ 703.570.) "The claim of exemption and notice of opposition . . . constitute the pleadings, subject to the power of the court to permit amendments . . . ." (§ 703.580,

---

[3]     In its minute order, the trial court also emphasized the phrase "commercial motor vehicle" when summarizing the language of section 704.060.

subd. (a).)  "At the conclusion of hearing, the court shall determine by order whether or not the property is exempt in whole or in part. . . . [T]he order is determinative of the right of the judgment creditor to apply the property to the satisfaction of the judgment. No findings are required in a proceeding under the section."  (§ 703.580, subd. (d).)

Here, Williams filed no exemption claim with the sheriff's department. Instead, she filed a third party claim and then sought to initiate an exemption claim by asserting it as an "alternative" argument in her motion to validate the third party claim. This does not satisfy the statutory requirements.

In her reply brief, Williams argues she "substantially" complied with the exemption claim statutes when she filed her third party claim.  We disagree.  Williams's third party claim expressly claims she is not married to the debtor, Severson, which is wholly inconsistent with the assertion of an exemption claim based on her status as spouse.  Moreover, as the trial court noted in its minute order, section 703.520 requires the claimant to specify the statutory basis for the claim.  Williams made no reference to the exemption statutes in the third party claim she filed with the sheriff.

Williams's reply brief also claims her substantial compliance can be found in the fact she filed a copy of her broader motion to the court, entitled "'Application for a Hearing to Determine the Validity of Third-party Marilyn L. Williams' Third-party Claim, or in the Alternative Theory of Vehicle Is Exemption,'" with the sheriff's department on April 10, 2023.

Again, we disagree.  Section 703.520 requires the exemption claim to be filed with the sheriff's department within 15 days of the notice of levy, or 20 days if that notice was served by mail.  Williams did not meet that deadline with her broader motion. There was no substantial compliance.

Based on the foregoing, we conclude the trial court could have denied Williams's exemption claim based on her failure to comply with the statutory procedures for asserting it.  Williams's failure to acknowledge that issue and address it in her opening

brief resulted in a waiver of the point on appeal.  We affirm the court's order denying Williams's exemption claim.

## DISPOSITION

The postjudgment order is affirmed.  Sail is to recover its costs on appeal.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOORE, J.